**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| MILENIO'S, LLC d/b/a EL MILENIO RESTAURANT, JOSE A. DURAN-CAMACHO, and ESTUARDO AVILA, | ) ) ) ) |
| Defendants. | ) ) |

CASE NO: 3:23-cv-750

## **COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY ("Atain"), pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57, files this complaint for declaratory judgment against Defendants, MILENIO'S, LLC d/b/a EL MILENIO RESTAURANT ("Milenio's"), JOSE A. DURAN-CAMACHO ("Duran-Camacho") and ESTUARDO AVILA ("Avila"), and states:

## **INTRODUCTION**

1. Atain seeks a declaration in this action pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57 that no insurance coverage is afforded to Milenio's under the insurance policy issued by Atain to Milenio's with respect to an underlying lawsuit filed by Avila in the Danbury Superior Court under Docket Number 24-C-22-04448 MT (the "*Avila* Litigation" or "*Avila* Complaint").

2. Atain issued an insurance policy bearing Policy Number CIP363365 for a Policy Period of September 13, 2018, to September 13, 2019, to Milenio's (the "Policy"). A true and correct copy of the Policy is attached and incorporated by reference as **Exhibit "A."**

3. Milenio's seeks insurance coverage under the Policy for the *Avila* Litigation and Atain has declined to defend or indemnify Milenio's for the *Avila* Litigation via correspondence

dated April 6, 2023. After Avila again amended his complaint on or about May 25, 2023, Atain issued a supplemental disclaimer dated June 5, 2023. A copy of Atain's April 6, 2023, and June 5, 2023, coverage disclaimers are attached as **Composite Exhibit "B."**

4. By this litigation, Atain seeks to confirm that it has no duty to defend or indemnify Milenio's under the Policy for the *Avila* Litigation.

5. Therefore, a controversy exists between the parties to this action regarding insurance coverage for the *Avila* Litigation under the Policy, and an entry of a declaratory judgment is required to resolve the controversy.

## THE PARTIES

6. Plaintiff Atain is a Michigan corporation with its principal place of business in Oakland County, Michigan. Atain is an authorized surplus lines insurer under the laws of the state of Connecticut and issued the Policy to Milenio's.

7. Defendant Milenio's is a dissolved limited liability company that was under the laws of Connecticut with its principal place of business in Danbury, Connecticut, and it therefore a citizen of Connecticut. Milenio's sole member, Jose A. Duran-Camacho was a citizen of and domiciled in Connecticut. Accordingly, both Milenio's and Duran-Camacho are citizens of Connecticut.

8. Esutardo Avila is domiciled in Connecticut and is therefore a Connecticut citizen. Avila is the underlying plaintiff in the *Avila* Litigation against Milenio's and Duran-Camacho, and therefore has an interest in this action.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this dispute arises between citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

10. This Court has authority to grant Atain declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and FED. R. CIV. P. 57.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the *Avila* Litigation and the insurance coverage dispute between Atain and Milenio's concerning the *Avila* Litigation occurred in this district, and the Defendants are domiciled in this district.

## THE UNDERLYING LAWSUIT

12. The *Avila* Litigation arises from an alleged incident on or about October 28, 2018, when Avila was struck in the head by a flying object after a fight broke out between patrons of Milenio's who were served alcoholic beverages and started throwing objects, including beer bottles and glasses (the "Incident").

13. On October 27, 2020, the Underlying Plaintiff filed a complaint seeking damages for his injuries based on a theory of negligence. Thereafter, Avila filed an amended complaint on May 19, 2021. Avila further amended his complaint twice, with the current operative pleading having been filed on May 25, 2023. A copy of the current operative pleading in the *Avila* Litigation is attached as **Exhibit "C."**

14. Avila alleges that Jose A. Duran-Camacho and Milenio's operated the restaurant/night club known as El Milenio Restaurant in which alcoholic beverages were sold, located at 21 North Street, Danbury, Connecticut. (Ex. C, ¶¶ 3-4).

15. On October 28, 2018, Avila was allegedly a patron of the restaurant and was lawfully on the premises. On October 28, 2018, prior to 1:50 a.m., the defendant, Milenio's, LLC, its agents, servants, and/or employees sold, furnished, purveyed or served alcoholic beverages to patrons at 21 North Street, Danbury, Connecticut, thereby rendering them intoxicated. (Ex. C, ¶¶ 5-6).

16. Avila alleges that on October 28, 2018, he was lawfully on the premises when a fight broke out between patrons at El Milenio Restaurant who were intoxicated because of alcoholic beverages sold, furnished, purveyed or served to them by the defendant, Milenio's LLC, its agents, servants, and/or employees. (Ex. C, ¶ 7).

17. Avila alleges was a patron at El Milenio Restaurant, when intoxicated patrons, caused to be intoxicated by reason of El Milenio Restaurant's sale, furnishment, purveyance, or service of alcoholic beverages to them, started throwing objects, including beer bottles and glasses, causing the plaintiff to be struck in the head by a flying object. (Ex. C, ¶ 8).

18. Avila alleges that as a result he suffered injuries to his head, including past and future medical expenses, and loss of enjoyment of usual activities. (Ex. C, ¶¶ 10-12).

19. Further, Avila alleges his injuries were caused by the negligence of Milenio's and Duran-Camacho acting through its agents or employees including: (a) failing to intervene as the plaintiff was being attacked by intoxicated patrons, caused to be intoxicated as a result of El Milenio Restaurant's sale, furnishment, purveyance, or service of alcoholic beverages to them; (b) failing to timely intervene as the plaintiff was being attacked by intoxicated patrons, caused to be intoxicated as a result of El Milenio Restaurant's sale, furnishment, purveyance, or service of alcoholic beverages to them; (c) watching Avila get attacked by intoxicated patrons, caused to be intoxicated as a result of El Milenio Restaurant's sale, furnishment, purveyance, or service of alcoholic beverages to them; (d) failing to provide adequate safety the their patrons; (e) failing to supervise the patrons, bouncers, and other staff; (f) failing to properly train the bouncer and security staff; (g) failing to enact or follow proper procedures for the bouncers and security staff; (h) failing to enact or follow proper procedures to ensure patrons would not be attacked; (i) failing to enact or follow proper procedures to ensure that intoxicated patrons would be adequately

protected when attacked; (j) failing to protect and safeguard the plaintiff from intoxicated patrons, caused to be intoxicated as a result of El Milenio Restaurant's sale, furnishment, purveyance, or service of alcoholic beverages to them; or (k) selling, furnishing, purveying or serving alcoholic beverages to patrons, rendering them intoxicated, who, due to their intoxicated state, caused a bar fight, threw objects, and injured Avila. (Ex. C, ¶ 9).

20.  Avila seeks compensatory damages for past and future medical care and treatment for his injuries and the inability to participate in and enjoy his unusual activities. (Ex. C, ¶¶ 10-12, "Wherefore" clause).

## MILENIO'S TENDER FOR COVERAGE TO ATAIN

21.  On or about February 24, 2023, more than four years after the Incident, and more than two years after the *Avila* Litigation was filed, Milenio's tendered the *Avila* Litigation to Atain demanding coverage under the Policy.

22.  By letter dated April 6, 2023, Atain disclaimed coverage for Milenio's tender. After Avila again amended his complaint, Atain issued a supplemental disclaimer on June 5, 2023. (Ex. B).

## THE ATAIN POLICY

23.  Atain issued its Commercial General Liability ("CGL") Policy No. CIP363365 to Milenio's for the policy period of September 13, 2018, to September 13, 2019, which is subject to a $1,000,000 limit per occurrence and a $2,000,000 aggregate limit of insurance (the "Policy"). (Ex. A, Declarations).

24.  The Policy provides Bodily Injury and Property Damage Liability Coverage pursuant to, which includes the following provisions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . .

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period . . .

2. **Exclusions**

    This insurance does not apply to:

    a. **Expected Or Intended Injury**

        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property. …

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as …

    c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers. …

2. Each of the following is also an insured:

a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. …

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;
      (2) The names and addresses of any injured persons and witnesses; and
      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and
      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
      (2) Authorize us to obtain records and other information;
      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

      d.      No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent. …

**SECTION V-DEFINITIONS** …

**3.**      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. …

**13.**      "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. …

(Ex. A, Form No. CG 00 01 04 13)

    25.      The Policy also includes Form No. AF 001 007 06/2017, titled "Combined Coverage and Exclusions Endorsement," which provides, in pertinent part, as follows:

**IX.**      **ASSAULT AND BATTERY EXCLUSION**

This insurance does not apply to "bodily injury" or "property damage," in whole or in part, either directly or indirectly, or in any way arising out of or that in any way involves any of the following:

1.      Assault and Battery committed by any Insured, any employee of any Insured or any other person;

2.      The failure to suppress or prevent Assault and Battery by any person in 1. above;

3.      Any cause of action or claim involving assault or battery that in any way relates to the negligent hiring, supervision or training of any employee of the Insured; or

4.      Assault or Battery, whether or not caused by or arising out of negligent, reckless or wanton conduct of any Insured, any Insured's employees, patrons or other persons lawfully or otherwise on, at or near the premises owned or occupied by any Insured, or by any other person.

For the purposes of this exclusion, Assault and Battery includes, but is not limited to, the use of reasonable force or self-defense by any party, person, insured or employee of any insured.

Furthermore, for this Exclusion, **SECTION I COVERAGES COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, Section **2.**

**Exclusions**, Paragraph **a. Expected Or Intended Injury** is replaced by the following:

a.   Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. …

(Ex. A, Form No. AF 001 007 06/2017).

26.   The Policy also includes Form No. B&W58 12/2005, titled "Total Liquor Liability Exclusion," which provides, in pertinent part, as follows:

Exclusion **c. Liquor Liability** in **SECTION I - COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is deleted in its entirety and replaced by the following:

**c.   Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(**1**)   Causing or contributing to the intoxication of any person;
(**2**)   The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
(**3**)   Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages. …

(Ex. A, Form No. B&W58 12/2005).

## COUNT I – DECLARATORY JUDGMENT
## ASSAULT AND BATTERY EXCLUSION

27.   Atain incorporates and restates every allegation set forth in the preceding Paragraphs of this Complaint, as if alleged in this Paragraph.

28.   The *Avila* Complaint alleges that Avila suffered injuries after being "attacked" when a fight broke out and that Milenio's was negligent in failing to supervise and train its bouncers and other security staff, failing to enact policies or procedures to prevent patrons from being attacked, and observing and failing to intervene to protect Avila from being attacked.

29.     Under the Assault and Battery Exclusion, Atain does not have any obligation to defend or indemnify Milenio's for "bodily injury" arising out of any cause of action or claim involving assault or battery that in any way relates to the negligent hiring, supervision or training of any employee of the insured. Additionally, the Assault and Battery Exclusion also precludes coverage for "bodily injury" arising out of Assault or Battery, whether or not caused by or arising out of negligent, reckless or wanton conduct of any Insured, any Insured's employees, patrons or other person lawfully or otherwise on, at or near the premises owned or occupied by any Insured, or by any other person.

30.     As the alleged acts in the *Avila* Litigation arise out of an alleged assault or battery, there is no coverage under the Policy.

## COUNT II – DECLARATORY JUDGMENT
## LIQUOR LIABILITY EXCLUSION

31.     Atain incorporates and restates every allegation set forth in the preceding Paragraphs of this Complaint, as if alleged in this Paragraph.

32.     The *Avila* Complaint alleges that Milenio's and Duran-Camacho negligently allowed patrons to become intoxicated, which caused Avila to be attacked when a fight broke out on Milenio's premises.

33.     The *Avila* Complaint alleges that Milenio's and Duran-Camacho were negligent in selling, furnishing, purveying or serving alcoholic beverages to patrons, rendering them intoxicated, who, due to their intoxicated state, caused a bar fight, threw objects, and injured Avila.

34.     Under the Policy's "Total Liquor Liability Exclusion," there is no coverage for "bodily injury" for which any insured may be held liable by reason of causing or contributing to the intoxication of any person, or any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

35. Accordingly, there is no coverage for the *Avila* Litigation under the Policy's "Total Liquor Liability Exclusion."

## COUNT III – DECLARATORY JUDGMENT
## LATE NOTICE

36. Atain incorporates and restates every allegation set forth in the preceding Paragraphs of this Complaint, as if alleged in this Paragraph.

37. The *Avila* Litigation was first filed against Milenio's and Duran-Camacho in 2020.

38. Atain was first notified of the *Avila* Litigation on or about February 24, 2023.

39. The *Avila* Litigation had been in litigation over two years before Atain was notified of the *Avila* Litigation.

40. There is no coverage to the extent notice of the underlying incident and *Avila* Litigation to Atain was untimely and the notice conditions in the Policy were not satisfied.

## COUNT IV – DECLARATORY JUDGMENT
## MISCELLANEOUS POLICY TERMS, CONDITIONS, EXCLUSIONS AND DEFENSES TO COVERAGE

41. Atain incorporates and restates every allegation set forth in the preceding Paragraphs of this Complaint, as if alleged in this Paragraph.

42. Atain fully incorporates all other terms, conditions, exclusions or endorsements to the extent they limit or exclude coverage for the *Avila* Litigation, and as discovery may reveal the applicability of such other terms, conditions, exclusions and endorsements.

## PRAYER FOR RELIEF

WHEREFORE, Atain respectfully requests that this Court:

A. Exercise jurisdiction over the subject matter and the parties;

B. Enter judgment for Atain and declare that Atain has no obligation to defend or indemnify Milenio's or Duran-Camacho for the *Avila* Litigation;

    C.    Award Atain costs, as well as any other relief this Court deems equitable and just.

Respectfully submitted this 9th day of June, 2023,

        KAUFMAN DOLOWICH & VOLUCK LLP


    By:    /s/ Patrick M. Kennell
        Patrick M. Kennell (Bar No. CT30665)
        40 Exchange Place, 20th Floor
        New York, NY  10005
        P: (212) 485-9600
        F: (212) 485-9700
        Email: pkennell@kdvlaw.com
        *Attorneys for Atain Spec. Ins. Co.*
        4879-0113-9293, v. 1